**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Stanley Miller, Appellant.

Appellate Case No. 2016-001086

Appeal From Charleston County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2018-UP-158
Submitted March 1, 2018 – Filed April 18, 2018

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Stanley Miller appeals his conviction of third-degree criminal sexual conduct with a minor, for which the trial court sentenced him to fifteen years' imprisonment. On appeal, Miller argues the trial court abused its discretion

in (1) admitting a video recording of a forensic interview with his step-daughter (Minor) and (2) allowing Minor's testimony regarding prior bad acts committed by Miller.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to issue 1: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); S.C. Code Ann. § 17-23-175(A) (2014) (providing an out-of-court statement of a child under twelve is admissible if "(1) the statement was given in response to questioning conducted during an investigative interview of the child; (2) an audio and visual recording of the statement is preserved on film, videotape, or other electronic means . . . ; (3) the child testifies at the proceeding and is subject to cross[-]examination on the elements of the offense and the making of the out-of-court statement; and (4) the court finds, in a hearing conducted outside the presence of the jury, that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness"); S.C. Code Ann. § 17-23-175(B) (2014) ("In determining whether a statement possesses particularized guarantees of trustworthiness, the court may consider, but is not limited to, the following factors: (1) whether the statement was elicited by leading questions; (2) whether the interviewer has been trained in conducting investigative interviews of children; (3) whether the statement represents a detailed account of the alleged offense; (4) whether the statement has internal coherence; and (5) sworn testimony of any participant which may be determined as necessary by the court.").

As to issue 2: *State v. Weaverling*, 337 S.C. 460, 468, 523 S.E.2d 787, 791 (Ct. App. 1999) ("The decision to admit contested evidence rests within the sound discretion of the trial [court]."); *id.* at 467, 523 S.E.2d at 791 ("Generally, South Carolina law precludes evidence of a defendant's prior crimes or other bad acts to prove the defendant's guilt for the crime charged."); Rule 404(b), SCRE (establishing evidence of prior bad acts may "be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent"); *Weaverling*, 337 S.C. at 468, 523 S.E.2d at 791 ("If not the subject of a conviction, proof of prior bad acts must be clear and convincing."); *State v. Wallace*, 384 S.C. 428, 433, 683 S.E.2d 275, 277-78 (2009) ("When determining whether evidence is admissible as common scheme or plan, the trial court must analyze the similarities and dissimilarities between the crime charged and the bad act evidence to determine whether there is a close degree of similarity."); *id.* at 433, 683 S.E.2d at 278 ("When the similarities outweigh the

dissimilarities, the bad act evidence is admissible under Rule 404(b)."); *id.* at 433-34, 683 S.E.2d at 278 ("Although not a complete list, in this type of case, the trial court should consider the following factors when determining whether there is a close degree of similarity between the bad act and the crime charged: (1) the age of the victims when the abuse occurred; (2) the relationship between the victims and the perpetrator; (3) the location where the abuse occurred; (4) the use of coercion or threats; and (5) the manner of the occurrence, for example, the type of sexual battery."); *id.* at 435, 683 S.E.2d at 278 ("Once bad act evidence is found admissible under Rule 404(b), the trial court must then conduct the prejudice analysis required by Rule 403, SCRE.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.